UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAAJWARR O. HIVES,

    Plaintiff,

v.                                        CASE NO.: 8:15-CV-262-T-23MAP

BISK EDUCATION, INC.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

The Federal Rules of Civil Procedure require that a plaintiff properly serve a defendant within 120 days after the complaint is filed. Fed.R..Civ.P. 4(m). Subsection (h) of that rule sets forth the proper methods of serving a corporation (like Defendant Bisk Education, Inc.). Here, the Defendant claims the Plaintiff, who is proceeding *pro se*, has failed to effect proper service and seeks entry of an Order quashing service. Upon review and for the reasons set forth herein, I recommend the Defendant's motion be GRANTED and service upon the Defendant be QUASHED.

*Background and procedural history*

Plaintiff filed a ninety-nine page Complaint in the Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Florida against the Defendant Bisk Education, Inc., her former employer, alleging libel, defamation, assault and battery, discrimination, disparate treatment, workplace harassment, elder abuse, wrongful discharge, aggravation of existing health conditions, and intentional infliction of emotional distress. *See* Complaint, doc. 1. Defendant

timely filed a Notice of Removal to this Court under 28 U.S.C. §§ 1441 and 1446(b) because Plaintiff alleged violations of federal law. Plaintiff never attempted service of process upon the Defendant and did not serve the Complaint. Instead, she filed a 465-page Amended Complaint, and served it on Michael Malfitano, a lawyer who represented Defendant regarding a charge of discrimination Plaintiff filed against Defendant. Because Malfitano was not Defendant's registered agent and was not authorized to accept service of process on Defendant's behalf, the Defendant filed a motion to quash service of process (doc. 4).[1] Shortly thereafter, upon initial consideration of Defendant's motion, this Court entered an Order advising Plaintiff of the requirements of proper service under Rule 4 of the Federal Rules of Civil Procedure, and explaining that burden rests with Plaintiff to show that she has properly effected service of process on the Defendant in compliance with Fed.R.Civ.P. 4. Order, doc. 7. When Plaintiff sought additional time to respond to Defendant's pending motion to quash service of process, this Court extended the deadline for responding to the motion to quash through April 24, 2015. *See* Order (doc. 20); Plaintiff's Amended Motion for More Time to Strike Defendant's Sham Motion to Quash Personal Service (doc. 13). At this juncture, the Plaintiff has now filed a response to the Defendant's motion to quash personal service (doc. 23). Plaintiff argues that Malfitano was in fact an authorized agent of Defendant for service of process, that defense counsel has violated Rule 11(b), of the Florida Rules of Civil Procedure and Florida's Rules of Professional Conduct, that Defendant's motion to quash should be denied as invalid and untimely. After consideration, I recommend the motion to quash be granted and the Plaintiff's

---

[1] Defendant asserts that Malfitano is not and has never been a registered agent for Defendant and was not authorized to accept service of process on behalf of Defendant. *See* Declaration of Ravi Seepersad, doc. 4, pp.7-8.

complaint dismissed for the reasons set forth below.

*Discussion*

Defendant moves for an order quashing service of process on the grounds that the Plaintiff did not serve Defendant's registered agent and instead served an attorney who had represented the Defendant regarding a discrimination charge filed by Plaintiff and was not authorized to accept service on Defendant's behalf. Rule 4(h) of the Federal Rules of Civil Procedure governs service of process in federal court actions. Pursuant to Rule 4(h), service upon a corporation is effected when:

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual, or (B) by delivering a copy of the summons and of the complaint to any officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant ...

Moreover, under Rule 4(e)(1), service of process may be effected using any method available under the laws of the state where the federal judicial district where the complaint was filed is found. Pursuant to Florida Statutes, a corporation may be served by serving process on the president, vice president, the cashier, secretary, general manager, any director, any officer or business agent residing in the state of Florida, or alternatively, process may be served on the agent designated by the corporation under 48.091. Fla. Stat. § 48.081(1)-(2). As I explained in my previous Order (doc. 7), the Eleventh Circuit has held that "service of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of

3

Case 8:15-cv-00262-SDM-MAP   Document 35   Filed 05/07/15   Page 4 of 5 PageID 881

the suit." *Abele v. City of Brooksville, Fla.*, 273 Fed. Appx 809, 811 (11th Cir. 2008) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 (11th Cir. 2003). Where a party submits affidavits to rebut the validity of service of process, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction by showing service was properly made. *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1269 (11th Cir. 2002). Because the Defendant has submitted an affidavit rebutting the validity of service of process, the burden now rests with the Plaintiff to show that service was proper. "[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." *Familia de Boom v. Arosa Mercantil, S. A.,* 629 F.2d 1134, 1139 (5th Cir. 1980).[2] While *pro se* pleadings are afforded some leniency, they must still conform to procedural rules. *Kammona v. Onteco Corp.*, 587 Fed. Appx. 575 (11th Cir. 2014) (affirming district court's dismissal without prejudice of pro se plaintiff's complaint for insufficient service of process) (citing *Albra v. Advan, Inc.,* 490 F.3d 826, 829 (11th Cir. 2007)). Plaintiff has been given several extensions of time and has advised Plaintiff of the requirements needed to effectuate service of process. She has been warned that failure to follow such requirements would result in dismissal of her complaint.

Further, the Federal Rules of Civil Procedure require that the Plaintiff properly serve the Defendant within 120 days after the complaint is filed. Fed.R.Civ.P.4(m). The Plaintiff filed her Complaint on August 1, 2014, and over 120 days has passed since that date. Hence, the time to properly effectuate service upon the Defendant has expired.

---

[2] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

*Conclusion*

Accordingly, it is hereby RECOMMENDED:

1. that this case be dismissed for failure to properly effect service of process on the Defendant in compliance with Rule 4.

IT IS SO REPORTED in Tampa, Florida on May 7, 2015.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:   Plaintiff Taajwarr Hives, *pro se*
      P.O. Box 812
      Mango, FL 33550