UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAAJWAR O. HIVES,

    Plaintiff,

v.                                                 CASE NO 8:15-cv-262-T-23TBM

BISK EDUCATION, INC.,

    Defendant.
_____/

**ORDER**

In state court, Taajwar O. Hives sued (Doc. 2) Bisk Education, who moved (Doc. 4) to quash service. Before the state court resolved the motion, Bisk Education removed (Doc. 1) this action. Hives moves (Doc. 21) to remand for lack of subject matter jurisdiction. The magistrate judge's May 7, 2015 report (Doc. 35) recommends dismissing this action "for failure to properly effect service of process on the Defendant."

**1. Motion to Remand**[1]

Hives' motion (Doc. 21) to remand and motion (Doc. 39) for a hearing on the motion to remand are **DENIED**. Although Hives argues that this action is "not

---

[1] *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ("We hold that in cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy. Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter."); *but see Ballew v. Roundpoint Mortgage Servicing Corp.*, 491 Fed. Appx. 25, 26 (11th Cir. 2012) (per curiam) ("The district court did not abuse its discretion by disposing of the Ballews' complaint based on the issue of personal jurisdiction. Valid service is a prerequisite for a federal court to assert personal jurisdiction over a defendant.").

founded on any compelling federal issue" (Doc. 21 at 2), Count V of the complaint (Doc. 26) sues under Title VII of the Civil Rights Act.  Supplemental jurisdiction exists over the remaining counts.

**2. Motion to Quash Service**

Hives attempted service of process before Bisk Education removed this action. "Federal courts should apply state procedural rules to pre-removal conduct." *Moore's Federal Practice*, Vol. 16, § 107.31[4] (3d ed. 2014).  Under Section 48.081(1), Florida Statutes:

> Process against any private corporation, domestic or foreign, may be served:
>
> (a) On the president or vice president, or other head of the corporation;
>
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

Further, under Section 48.081(3)(a), "process may be served on the agent designated by the corporation under s. 48.091."

Bisk Education argues that "Plaintiff's attempted service . . . is unarguably invalid and improper" because "Plaintiff attempted service of process upon Defendant by serving Defendant's attorney," who "is neither the registered agent of the corporation, employee, president, vice president, or other head of Bisk Education

- 2 -

Inc." (Doc. 4 at 2, 4)  Hives admits that he attempted to serve counsel for Bisk Education.  Accordingly, the magistrate judge's report concludes that "this case [must] be dismissed for failure to properly effect service of process on the Defendant."  (Doc. 35 at 5)  Hives' objection (Doc. 36) to the report is **OVERRULED**, and the report (Doc. 35) is **ADOPTED IN PART**.[2]  Bisk Education's motion (Doc. 4) to quash service is **GRANTED**.

Under 28 U.S.C. § 1448, "[i]n all cases removed from any State court to any district court of the United States . . . in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court."  Rule 4(m), Federal Rules of Civil Procedure, allows a plaintiff 120 days after filing the complaint to serve a defendant.  The time to serve Bisk Education expired on May 7, 2015, and no proof of service appears on the docket.[3]  Under Rule 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

---

[2] To resolve Bisk Education's motion to quash service, the report applies Rule 4, Federal Rules of Civil Procedure, rather than the Florida Statutes. However, Rules 4(h)(1) and 4(e)(1) allows a plaintiff to serve "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Thus, the report applies Section 48.081, Florida Statutes, and correctly concludes that Hives failed to serve Bisk Education.

[3] A February 19, 2015 order (Doc. 7) (1) "advise[s] Plaintiff of the requirements needed to effectuate service of process" and (2) "warn[s] that failure to follow such requirements would result in dismissal of her complaint." (Doc. 35 at 4) Despite the additional time and the warning, Hives failed to serve Bisk Education.

Further, under Rule 6(b)(1)(B), "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

No later than **JUNE 26, 2015**, Hives may move for an extension of time to serve Bisk Education. Under Rule 4, the motion must "show[] good cause for the failure" to serve and must account for all 120 days. Also, under Rule 6(b)(1)(B), the motion must show at least excusable neglect both for Hives's failure to request an extension before the expiration of the 120 days and for Hives's continuing failure to request an extension. An affidavit or other verified paper must support each factual allegation; the order granting or denying the motion will disregard any unsworn factual allegation. If Hives fails to show good cause or fails to demonstrate excusable neglect, an order will dismiss this action without further notice.

ORDERED in Tampa, Florida, on June 17, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE