UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAAJWARR O. HIVES,

    Plaintiff,

v.     CASE NO.: 8:15-CV-262-T-23MAP

BISK EDUCATION, INC.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's affidavit of indigency (doc. 47), which the Court construes as a motion for leave to proceed *in forma pauperis* on appeal. Plaintiff filed a notice of appeal seeking review of the "ALL Orders by District Court" (doc. 45). Thereafter, Plaintiff filed her affidavit of indigency seeking to proceed *in forma pauperis* on appeal.

Notwithstanding a finding of economic eligibility, an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith even if the party was permitted to proceed *in forma pauperis* in a district-court action. 28 U.S.C. § 1915(a)(3); s*ee also* Fed. R. App. P. 24(a)(3) ("A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization unless: (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding . . . ."). An appeal is not taken in good faith if the issue the party seeks to appeal is frivolous or if it objectively appears that the appeal cannot

succeed as a matter of law. *See DeSantis v. United Technologies Corp.*, 15 F.Supp.2d 1285, 1288-89 (M.D. Fla. 1998), *aff'd without opinion*, 193 F.3d 522 (11th Cir. 1999).

Subject to limited exceptions, the court of appeals only has jurisdiction to hear final decisions of the district courts. 28 U.S.C. §§ 1291, 1292. "[A] decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 204 (1999) (internal quotations omitted); *see CSX Transp. Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000). In the present action, while Plaintiff captions her Notice of Appeal as an appeal regarding "All Orders by the District Court," she mainly complains that the Court erred by granting the Defendant's motion to quash service of process, by denying her objections to my Report and Recommendation, and by denying her motion to remand (doc. 45). On June 17, 2015, the district judge entered an Order allowing Plaintiff until June 26, 2015, to move for an extension of time to serve Bisk Education. The district judge denied Plaintiff's motion to remand, pointing out that Plaintiff is suing in her Count V under Title VII of the Civil Rights Act (doc. 43 at 2). The district judge then directed Plaintiff that in order to show good cause under Rule 4 for her failure to serve Defendant within 120 days she must show at least excusable neglect both for her failure to request an extension before the 120 days expired and for her continued failure to request an extension. The Order stated that "[i]f Hives fails to show good cause or fails to demonstrate excusable neglect, an order will dismiss this action without further notice." (doc. 43).

The action was not dismissed at the time the district judge issued that Order, and on June 26, 2015, Plaintiff filed a motion seeking additional time to serve Bisk (doc. 44). Hence, the order which Plaintiff seeks to appeal is not a final order. It is clear then that the order does not end the

litigation on the merits thereby leaving nothing for the Court to do but execute the judgment. *See Cunningham*, 527 U.S. 204. Likewise, the order does not fall into a specific class of interlocutory orders made appealable by statute or jurisprudential exception. *CSX*, 235 F.3d at 1327; *see also* 28 U.S.C. § 1292; *see also Stubbs v. CitiMortgage, Inc.*, 549 F. App'x 885, 886 (11th Cir. 2013) (stating that the denial of a motion to remand is an interlocutory order only reviewable pursuant to district court certification under § 1292(b) or on appeal from a final judgment). Accordingly, because the court of appeals will not have jurisdiction, an appeal of the Court's June 17, 2015, order is without arguable merit as a matter of law and therefore not taken in good faith. *See United States v. Ruetz*, 2007 WL 2028116 (M.D. Fla. June 19, 2007); *see Bethel v. City of Daphne*, 2006 WL 3834274 (S.D. Ala. December 27, 2006); *see Jackson v. Grimes*, 2006 WL 3842091 (M.D. Fla. December 8, 2006). Thus, it is hereby

RECOMMENDED:

1. Plaintiff's motion for leave to appeal *in forma pauperis* (doc. 47) be DENIED.

2. The Court certify that the appeal is not taken in good faith and direct the Clerk to notify the Court of Appeals of the ruling in accordance with Fed. R. App. P. 24(a)(4).

IT IS SO REPORTED at Tampa, Florida on August 4, 2015.

/s/ Mark A. Pizzo
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. *See* 28 U.S.C. § 636(b)(1).

cc:	Hon. Steven D. Merryday
	Counsel of Record
	Plaintiff, *pro se*