UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAAJWAR O. HIVES,

    Plaintiff,

v.                                                          CASE NO. 8:15-cv-262-T-23MAP

BISK EDUCATION, INC.,

    Defendant.
_____/

**ORDER**

       A June 17, 2015 order (Doc. 43) denies the plaintiff's motion to remand, quashes service, and (because the plaintiff's time to serve expired on May 7) allows the plaintiff nine days to move for an extension of time to serve the defendant. Within the time permitted, the plaintiff moved (Doc. 44) for an extension of time to serve. However, on the same day, the plaintiff appealed (Doc. 45) "ALL Orders by District Court" and filed an affidavit of indigency (Doc. 47), which the clerk and the magistrate judge construed as a motion for leave to appeal *in forma pauperis*. On August 4, 2015, the magistrate judge issued a report (Doc. 48) that recommends denying the plaintiff's motion for leave to appeal *in forma pauperis*. The plaintiff objects (Doc. 49) to the report and recommendation. A *de novo* review of the portions

of the report and recommendation to which the plaintiff objects reveals that the plaintiff's objections are unfounded or unpersuasive.

"Under the 'final judgment rule,' the jurisdiction of a circuit court generally is limited to reviewing final decisions of the district courts . . . ." *Moore's Federal Practice*, Vol. 19, § 201.10[1] (3d ed. 2015). "Essentially, a 'final decision' is one that ends the litigation on the merits so that the only thing left for the district court to do is to execute the judgment." *Moore's Federal Practice*, Vol. 19, § 201.10[1] (3d ed. 2015). Neither the June 17 order nor any other order dismisses this action,[*] and the plaintiff's motion for an extension of the time to serve the defendant remains pending. Accordingly, no final order exists for the plaintiff to appeal. Further, neither the June 17 order nor any other order is an interlocutory order that the plaintiff may appeal as of right. *See Moore's Federal Practice*, Vol. 19, § 201.30 (3d ed. 2015) ("A party may appeal as of right interlocutory order concerning the following types of proceedings: injunction, receivership, arbitration, admiralty, and patent infringement.").

The report and recommendation (Doc. 48) is **ADOPTED** and the plaintiff's objection (Doc. 49) is **OVERRULED**. Because the plaintiff appeals prematurely, the plaintiff's motion (Doc. 47) for leave to appeal *in forma pauperis* is **DENIED**. Under

---

[*] The report and recommendation finds that the plaintiff "mainly" appeals the June 17 order. (Doc. 48 at 2)

- 2 -

Rule 24(a)(4)(A), Federal Rules of Appellate Procedure, the clerk "must immediately notify" the Eleventh Circuit Court of Appeals of this order.

ORDERED in Tampa, Florida, on August 21, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE