UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAAJWARR O. HIVES,

    Plaintiff,

v.                                                      CASE NO.: 8:15-CV-262-T-23MAP

BISK EDUCATION, INC.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* Plaintiff's motion for additional time to serve subpoena (doc. 44). The Defendant has not responded to the motion within the time provided by Local Rule 3.01(b). In the district judge's order dated June 17, 2015, this Court directed Plaintiff that she may move for an extension of time to serve Defendant. She has timely met this deadline. However, the Order specifically instructed Plaintiff:

> Under Rule 4, the motion must 'show [ ] good cause for the failure' to serve and must account for all 120 days. Also, under Rule 6(b)(1)(B), the motion must show at least excusable neglect both for Hives' failure to request an extension before the expiration of the 120 days and for Hives' continuing failure to request an extension. An affidavit or other verified paper must support each factual allegation; the order granting or denying the motion will disregard any unsworn factual allegation. If Hives fails to show good cause or fails to demonstrate excusable neglect, an order will dismiss the action without further notice.

Order, doc. 43, p.4. Clearly, the Plaintiff's motion, which is not accompanied by any affidavits or verified papers, fails to meet these requirements. The motion does not attempt to set forth good cause for Plaintiff's failure to serve Defendant nor show excusable neglect. To determine whether a movant's neglect is excusable, the court must consider: (1) the danger of prejudice to

the opposing party;  (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.  *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  The motion fails to address these factors.  Construing this *pro se* Plaintiff's pleading liberally as this Court must, at best, the Plaintiff claims she has been "seriously depressed and psychologically hampered by the appearance of this Court prejudicing her with the ignoring of her valid reasons for remand." *See* doc. 44, p. 2.  But, considering the *Pioneer* factors, the motion simply fails to establish excusable neglect on the part of the Plaintiff, and thus fails to satisfy the demands of Rules 4(m) or 6(b)(1)(B).  Hence, following the district judge's order, dismissal is warranted.  It is hereby

RECOMMENDED:

1. Plaintiff's motion for additional time to serve subpoena (doc. 44) be DENIED.

IT IS SO REPORTED in Tampa, Florida on August 28, 2015.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal.  28 U.S.C. § 636(b)(1).

cc: Plaintiff Taajwarr Hives, *pro se*
P.O. Box 812
Mango, FL 33550