UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAAJWAR O. HIVES,

    Plaintiff,

v.                                                               CASE NO 8:15-cv-262-T-23TBM

BISK EDUCATION, INC.,

    Defendant.
_____/

## **ORDER**

    In state court, Taajwar O. Hives sued (Doc. 2) Bisk Education, Inc., her former employer, for — among other claims — a violation of the Americans with Disabilities Act, of Title VII of the Civil Rights Act, and of the Age Discrimination in Employment Act. Citing federal question jurisdiction, Bisk Education removed (Doc. 1) this action. After a slew of mistakes by the *pro se* plaintiff, an April 10, 2015 order (Doc. 20) grants in part Hives's motion (Doc. 13) to extend the time to move to remand and directs Hives to amend the shotgun complaint. Also, the order warns Hives that "litigation in federal court is difficult" and advises Hives "to obtain the services of a member of The Florida Bar." (Doc. 20 at 4, 5)

    Still without counsel, Hives moved (Doc. 21) to remand and amended (Doc. 26) the complaint. Denying the motion to remand, a June 17, 2015 order

(Doc. 43) explains that the amended complaint includes a claim under federal law.[*] Further, the order grants Bisk Education's motion (Doc. 4) to quash service because Hives "attempted service of process upon Defendant by serving Defendant's attorney." (Doc. 43 at 3)  Allowing Hives to "move for an extension of the time to serve Bisk Education," the order states (1) that under Rule 4, Federal Rules of Civil Procedure, the motion must "show[] good cause for the failure" to serve Bisk Eduction and (2) that under Rule 6(b)(1)(B) the motion must "show at least excusable neglect both for Hives's failure to request an extension before the expiration of the 120 days and for Hives's continuing failure to request an extension." (Doc. 43 at 4)

Hives moves (Doc. 44) for an extension of the time to serve.  However, an August 28, 2015 report (Doc. 51) correctly concludes that the "motion does not attempt to set forth good cause" and that the motion "fails to establish excusable neglect."  The motion's only explanation for the failure to serve is that "Plaintiff has been seriously depressed and psychologically hampered by the appearance of this Court prejudicing her with the ignoring of her valid reasons for remand." (Doc. 44

---

[*] The amended complaint sues under "Title VII of the Civil Rights Act of 1991" and under the "Florida Civil Rights Act of 1992." (Doc. 26 at 16, 17) Also, the amended complaint claims "malicious libel per se," "defamation by implication," "defamation by repetition," "psychological assault with battery," "retaliatory termination," "intentional infliction of new health condition (crisis stage high blood pressure)," and "intentional infliction of emotional distress." (Doc. 26 at 12, 13, 14, 15, 18, 19) Even if the amended complaint had eliminated all claims under federal law, "[o]nce an action has been removed, a plaintiff may not amend the complaint so as to eliminate the federal claim on which removal was based in order to defeat jurisdiction." *Moore's Federal Practice*, Vol. 3, § 15.16[5] (3d ed. 2015).

at 2)  The report correctly recommends denying the motion and states that "dismissal is warranted" for Hives's failure to serve.  (Doc. 51 at 2)

Hives's objection (Doc. 52) is **OVERRULED**, and the August 28, 2015 report (Doc. 51) is **ADOPTED**.  Hives's motion (Doc. 44) for an extension of the time to serve Bisk Education is **DENIED**, and this action is **DISMISSED**.  The clerk is directed to close the case.

ORDERED in Tampa, Florida, on February 2, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE